# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| TECHNICAL CONSUMER PRODUCTS, INC.<br><br>Plaintiff,<br><br>-vs-<br><br>PHILIPS SOLID-STATE LIGHTING SOLUTIONS, INC., U.S. PHILIPS CORP., and KONINKLIJKE PHILIPS ELECTRONICS N.V.<br><br>Defendants. | Civil Action No.:<br><br>Judge:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY AND NON-INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Technical Consumer Products, Inc., by and through the undersigned counsel, hereby file this Complaint for Declaratory Judgment against defendants Philips Solid-State Lighting Solutions, Inc., U.S. Philips Corp., and Koninklijke Philips Electronics N.V. (together, "Defendants"), and aver as follows:

### NATURE OF THE ACTION

1. This is an action based on the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, seeking a declaratory judgment of invalidity and/or non-infringement of United States Letters Patent Nos. 6,013,988 (the "'988 patent"), 6,147,458 (the "'458 patent), 6,577,512 (the "'512 patent"), 6,586,890 (the "'890 patent"), 7,038,399 (the "'399 patent"), 7,352,138 (the "'138 patent"), 7,256,554 (the "'544 patent"), and 7,737,643 (the "'643 patent") (collectively, the "Patents In Suit").

## THE PARTIES

2.     Technical Consumer Products, Inc. ("TCP") is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 325 Campus Drive, Aurora, Ohio 44202.

3.     Upon information and belief, defendant Philips Solid-State Lighting Solutions, Inc. ("Philips Solid-State") is a Delaware corporation having principal place of business at 3 Burlington Woods Drive, Burlington, Massachusetts.

4.     Upon information and belief, defendant U.S. Philips Corp. ("U.S. Philips") is a Delaware corporation having a principal place of business at 3000 Minuteman Road, Andover, Massachusetts 01810.

5.     Upon information and belief, defendant Koninklijke Philips Electronics N.V. ("Philips N.V.") is a Netherlands public limited liability company with its principal place of business in Amsterdam, The Netherlands.

## JURISDICTION AND VENUE

6.     This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over this action pursuant under 28 U.S.C. § 1331 (federal question) and §1338(a) (action arising under an Act of Congress). An actual controversy exists as to non-infringement and invalidity of the Patents In Suit.

7.     This Court has personal jurisdiction over Defendants because Defendants have maintained continuous and systematic contacts with the State of Ohio, and because Defendants have purposefully availed themselves of the benefits of the laws of the State of Ohio and the claims arise out of or relate to Defendants' activities in the State of Ohio.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND FACTS

9. TCP is a leader in the market for energy efficient lighting. Among the products TCP distributes in the United States are Light Emitting Diode or LED lighting products, including LED lighting fixtures and replacement lamps.

10. The Defendants, through their agents, have charged TCP with infringement of claims of each of the Patents In Suit and have insisted that TCP requires a license under each of the Patents In Suit and other unspecified patents to market its LED lighting products.

11. TCP disputes that it is infringing or has infringed the Patents In Suit and that it requires a license under each of the Patents In Suit and other unspecified patents. In addition, TCP contends that the claims are invalid for failure to satisfy one or more statutory conditions of patentability under 35 U.S.C. §§ 102, 103 and/or 112.

12. This creates an actual and justiciable controversy between TCP and the Phillips Defendants

## COUNT I.: DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND/OR INVALIDITY OF U. S. PATENT NO. 6,013,988

13. TCP incorporates by reference herein the foregoing paragraphs.

14. On information and belief, U.S. Philips owns the '988 patent, titled "Circuit Arrangement, and Signaling Light Provided with the Circuit Arrangement" and issued on January 11, 2000. A copy of the '988 patent is attached as Exhibit A.

15. TCP does not infringe, and has not infringed, any valid claims of the '988 patent, either literally or under the doctrine of equivalents, and/or one or more claims of the '988 patent

is invalid for failure to meet the conditions of patentability set forth in 35 U.S.C §§ 101, 102, 103 and/or 112.

16. TCP requests, and is entitled to, a judicial determination and declaration that it has not directly infringed, contributed to the infringement of, or induced infringement of the '988 patent and/or that one or more claims of the '988 patent is invalid.

### COUNT II.: DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND/OR INVALIDITY OF U. S. PATENT NO. 6,147,458

17. TCP incorporates by reference herein the foregoing paragraphs.

18. On information and belief, U.S. Philips owns the '458 patent, titled "Circuit Arrangement, and Signaling Light Provided with the Circuit Arrangement" and issued on November 14, 2000. A copy of the '458 patent is attached as Exhibit B.

19. TCP does not infringe, and has not infringed, any valid claims of the '458 patent, either literally or under the doctrine of equivalents, and/or one or more claims of the '458 patent is invalid for failure to meet the conditions of patentability set forth in 35 U.S.C §§ 101, 102, 103 and/or 112.

20. TCP requests, and is entitled to, a judicial determination and declaration that it has not directly infringed, contributed to the infringement of, or induced infringement of the '458 patent and/or that one or more claims of the '458 patent is invalid.

### COUNT III.: DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND/OR INVALIDITY OF U. S. PATENT NO. 6,577,512

21. TCP incorporates by reference herein the foregoing paragraphs.

22. On information and belief, Philips N.V. owns the '512 patent, titled "Power Supplies for LEDs" and issued on June 10, 2003. A copy of the '512 patent is attached as Exhibit C.

23. TCP does not infringe, and has not infringed, any valid claims of the '512 patent, either literally or under the doctrine of equivalents, and/or one or more claims of the '512 patent is invalid for failure to meet the conditions of patentability set forth in 35 U.S.C §§ 101, 102, 103 and/or 112.

24. TCP requests, and is entitled to, a judicial determination and declaration that it has not directly infringed, contributed to the infringement of, or induced infringement of the '512 patent and/or that one or more claims of the '512 patent is invalid.

### COUNT IV.: DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND/OR INVALIDITY OF U. S. PATENT NO. 6,586,890

25. TCP incorporates by reference herein the foregoing paragraphs.

26. On information and belief, Philips N.V. owns the '890 patent, titled "LED Driver Circuit with PWM Output" and issued on July 1, 2003. A copy of the '890 patent is attached as Exhibit D.

27. TCP does not infringe, and has not infringed, any valid claims of the '890 patent, either literally or under the doctrine of equivalents, and/or one or more claims of the '890 patent is invalid for failure to meet the conditions of patentability set forth in 35 U.S.C §§ 101, 102, 103 and/or 112.

28. TCP requests, and is entitled to, a judicial determination and declaration that it has not directly infringed, contributed to the infringement of, or induced infringement of the '890 patent and/or that one or more claims of the '890 patent is invalid.

## COUNT V.: DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND/OR INVALIDITY OF U. S. PATENT NO. 7,038,399

29. TCP incorporates by reference herein the foregoing paragraphs.

30. On information and belief, Philips Solid-State owns the '399 patent, titled "Methods and Apparatus for Providing Power to Lighting Devices" and issued on May 2, 2006. A copy of the '399 patent is attached as Exhibit E.

31. TCP does not infringe, and has not infringed, any valid claims of the '399 patent, either literally or under the doctrine of equivalents, and/or one or more claims of the '399 patent is invalid for failure to meet the conditions of patentability set forth in 35 U.S.C §§ 101, 102, 103 and/or 112.

32. TCP requests, and is entitled to, a judicial determination and declaration that it has not directly infringed, contributed to the infringement of, or induced infringement of the '399 patent and/or that one or more claims of the '399 patent is invalid.

## COUNT VI.: DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND/OR INVALIDITY OF U. S. PATENT NO. 7,352,138

33. TCP incorporates by reference herein the foregoing paragraphs.

34. On information and belief, Philips Solid-State owns the '138 patent, titled "Methods and Apparatus for Providing Power to Lighting Devices" and issued on April 1, 2008. A copy of the '138 patent is attached as Exhibit F.

35. TCP does not infringe, and has not infringed, any valid claims of the '138 patent, either literally or under the doctrine of equivalents, and/or one or more claims of the '138 patent is invalid for failure to meet the conditions of patentability set forth in 35 U.S.C §§ 101, 102, 103 and/or 112.

36. TCP requests, and is entitled to, a judicial determination and declaration that it has not directly infringed, contributed to the infringement of, or induced infringement of the '138 patent and/or that one or more claims of the '138 patent is invalid.

### COUNT VII.: DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND/OR INVALIDITY OF U. S. PATENT NO. 7,256,554

37. TCP incorporates by reference herein the foregoing paragraphs.

38. On information and belief, Philips Solid-State owns the '554 patent, titled "LED Power Control Methods and Apparatus" and issued on August 14, 2007. A copy of the '554 patent is attached as Exhibit G.

39. TCP does not infringe, and has not infringed, any valid claims of the '554 patent, either literally or under the doctrine of equivalents, and/or one or more claims of the '554 patent is invalid for failure to meet the conditions of patentability set forth in 35 U.S.C §§ 101, 102, 103 and/or 112.

40. TCP requests, and is entitled to, a judicial determination and declaration that it has not directly infringed, contributed to the infringement of, or induced infringement of the '554 patent and/or that one or more claims of the '554 patent is invalid.

### COUNT VIII.: DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND/OR INVALIDITY OF U. S. PATENT NO. 7,737,643

41. TCP incorporates by reference herein the foregoing paragraphs.

42. On information and belief, Philips Solid-State owns the '643 patent, titled "LED Power Control Methods and Apparatus" and issued on June 15, 2010. A copy of the '643 patent is attached as Exhibit H.

43. TCP does not infringe, and has not infringed, any valid claims of the '643 patent, either literally or under the doctrine of equivalents, and/or one or more claims of the '643 patent

is invalid for failure to meet the conditions of patentability set forth in 35 U.S.C §§ 101, 102, 103 and/or 112.

44. TCP requests, and is entitled to, a judicial determination and declaration that it has not directly infringed, contributed to the infringement of, or induced infringement of the '643 patent and/or that one or more claims of the '643 patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, TCP respectfully requests that this Court enter judgment in its favor as follows:

a. declare that TCP has not directly infringed, and does not currently directly infringe, any claim of the Patents In Suit;

b. declare that TCP has not contributorily infringed, and does currently contributorily infringe, any claim of the Patents in Suit;

c. declare that TCP has not induced, and does not currently induce, any infringement of the Patents In Suit;

d. declare that the claims of the Patents In Suit are invalid;

e. declare this to be an exceptional case and award TCP its costs, expenses, and disbursements in this action, including reasonable attorney fees, pursuant to 35 U.S.C. § 285; and

f. award TCP any further and additional relief that this Court deems just and proper.

Dated: October 11, 2012

*/s/ Steven M. Auvil*
Steven M. Auvil
sauvil@beneschlaw.com
**BENESCH FRIEDLANDER
  COPLAN & ARONOFF LLP**
200 Public Square, Suite 200
Cleveland, Ohio 44114-2378
Phone: (216) 363-4500
Fax: (216) 363-4588

*Attorneys for Plaintiff Technical Consumer Products, Inc.*

## **DEMAND FOR JURY TRIAL**

Plaintiff Technical Consumer Products, Inc. hereby makes demand for a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues of this lawsuit.

Dated: October 11, 2012	Respectfully submitted,

*/s/ Steven M. Auvil*
Steven M. Auvil,
sauvil@beneschlaw.com
200 Public Square, Suite 200
Cleveland, Ohio 44114-2378
Phone: (216) 363-4500
Fax: (216) 363-4588

*Attorney for Plaintiff Technical Consumer Products, Inc.*